383 P.2d 921

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Roland Dean McQUEEN, Defendant and Appellant.**

**No. 9850.**

Supreme Court of Utah.

July 23, 1963.

---

Kenneth Rigtrup, of Hadley & Rigtrup, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a robbery conviction. Affirmed.

From uncontroverted evidence by four employees, it was shown that defendant and one DeWitt entered a food service establishment where the four were working, at about 3 a. m. The two, at gun point, locked them in a walk-in cooler, searched the place, released the four about 15 minutes later, then locked them in a wire cage and left. The employees were released some time later by a deliveryman. Two dollars were missing from the purse of one of the victims, who, without contradiction, said the money was there before the two gunmen entered the place. Defendant signed a written confession. All of the employees identified defendant. The rifle

used, the gloves worn by defendant and DeWitt, and DeWitt's moccasins also were positively identified. This and other evidence, without detailing it, justified the jury easily to convict beyond a reasonable doubt.

Nonetheless, defendant says that 1) refusal to give a requested instruction as to corroboration was error, 2) that the evidence did not corroborate the confession, 3) that there was an unlawful search and seizure, 4) an unlawful arrest, and 5) that refusal to grant a continuance was an abuse of discretion.

■ As to 1: The requested instruction was that "you cannot return a verdict of guilty for one or both * * * without additional corroborative evidence tending to prove that one or both * * * *committed the crime of robbery.*" This instruction, if given, would have been error, since corroboration after a confession has to do with the corpus delicti,—that a crime has been committed,—not necessarily that the defendant committed it.

■ As to 2: A casual reading of the record indicates that there was more than ample corroborative evidence, uncontroverted and sufficiently substantial as not to require any instruction on the subject at all. Only point made by defendant was that the $2 may have been lost, in which event the

corpus delicti would not have been established. Obvious answer is that there was no evidence even hinting at this suggestion, but it was almost apodictic to the contrary, factually and inferentially.

■ As to 3 and 4: There is nothing in the record as to any unlawful search, seizure or arrest. Therefore we cannot canvass any such issue on appeal here. The State had no opportunity to meet such issues, which were interjected for the first time on this appeal, by way of reference to a hearing foreign to this case. It is obvious that to review such extraneous matter would be offensive to appellate practice and highly prejudicial to the opposition, who had no opportunity to meet it at the trial level.

■ As to 5: That a continuance should have been allowed: A local attorney in good standing represented defendant and DeWitt for four months. In ample time he notified both of the trial date. Defendant, who had been admitted to bail and had gone to Nebraska, came to Utah and contacted his attorney a couple of days before trial and asked him to obtain a continuance. His conceded reason: "To get out on bond and get it postponed for a year, a year and a half so I could prove to the Court and Board of Pardons and Parole if I am found guilty of it that I can get a job and keep my nose clean and keep out of trouble and

**314**

realize I have a responsibility now." His attorney expressed doubts as to possibility of a continuance, and defendant forthwith fired him, although his attorney was familiar with the facts. In truth, he appeared at the trial in defense of the codefendant, DeWitt. Immediately after dismissing his counsel, the court appointed present counsel, who consulted with defendant's former counsel for one and one-half hours the day before trial, and became acquainted with whatever defendant's counsel had in mind. He also consulted with defendant. Shortly before trial, in the trial court's chambers, defendant's counsel asked for a continuance, and upon denial of the request, he participated in the cross-examination and conducted McQueen's defense. From reading the record, his protestations of inexperience, having been admitted to practice only nine days before, reflect a modest tribute to his competence. His representation of defendant would not impress an onlooker and listener that he was a novice. Nevertheless, his appointment at an eleventh hour, and his excellent representation as defense counsel provoke not only our gratitude but our commendation. We do not think that under all the circumstances in this case the defendant merited any continuance, the denial of which reflected any abuse of discretion on the part of the trial judge.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.